IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELLOYD JOHNSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-2109-M |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Elloyd Johnson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

In 1998, petitioner was convicted of delivery of a controlled substance and sentenced to 99 years confinement. His conviction was affirmed on direct appeal. *Johnson v. State*, No. 05-98-01387-CR, 2000 WL 257804 (Tex. App.--Dallas, Mar. 9, 2000, pet. ref'd). Petitioner also challenged his conviction on collateral review in state and federal court. With respect to his federal writs, one was dismissed without prejudice for failure to exhaust state remedies, *Johnson v. Johnson*, No. 3-00-CV-2591-G, 2001 WL 804537 (N.D. Tex. Jul. 11, 2001), and one was denied on the merits, *Johnson v. Cockrell*, No. 3-01-CV-2267-M, 2002 WL 1298737 (N.D. Tex. Jun. 11, 2002), *COA denied*, No. 02-10745 (5th Cir. Oct. 2, 2002). Two other federal writs were determined to be

successive and were transferred to the Fifth Circuit Court of Appeals. *Johnson v. Dretke*, No. 3-04-CV-2602-D, 2006 WL 1499963 (N.D. Tex. May 31, 2006); *Johnson v. Quarterman*, No. 3-06-CV-1754-L, 2006 WL 3086436 (N.D. Tex. Oct. 31, 2006). Both times, the Fifth Circuit denied authorization to file successive writs. *In re Johnson*, No. 06-10644 (5th Cir. Aug. 8, 2006); *In re Johnson*, No. No. 06-11236 (5th Cir. Feb. 7, 2007).

Undeterred, petitioner now seeks federal habeas relief for a fifth time. In multiple grounds, petitioner contends that: (1) the judge who presided over his case did not take a proper oath of office; and (2) he received ineffective assistance of counsel because his lawyer had a speech impediment and other physical impairments. Before addressing these claims, the court must determine whether petitioner can file a successive federal writ without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 16, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

-3-